CLERK'S OFFICE U.S. DIST. COURT
AT HARRISONBURG, VA
FILED

May 07, 2026

LAURA A. AUSTIN, CLERK
BY: s/J.Vasquez
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| PAUL A. LOVINGS, | ) | |
| Plaintiff, | ) | Civil Action No. 7:25-cv-00534 |
| | ) | |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| PATRICIA L. WEST, et al., | ) | Chief United States District Judge |
| Defendants.[1] | ) | |

**MEMORANDUM OPINION**

Paul A. Lovings, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983. (Compl., Dkt. No 1). He raises due process, denial of counsel, and retaliation claims against the defendants arising out of parole revocation proceedings conducted in July 2025. Lovings seeks compensatory and punitive damages, each in the amount of $100,000.

Pending before the court is defendant West's motion to dismiss. (Dkt. No. 11). West argues that Lovings' claims are barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), and related cases. Lovings responded (Dkt. No. 20), West did not reply, and the motion to dismiss is ripe for review.

For the reasons stated below, defendant's motion will be denied.

## I.    BACKGROUND

Lovings alleges that on July 7, 2025, staff at the Nottoway Correctional Center (NCC) in Burkeville, Virginia, where he was incarcerated,[2] told Lovings that he would "be taken up for

---

[1] Patricia L. West is the only specific defendant named in Lovings' complaint. Regardless, and consistent with the complaint, the court will refer to defendants in the plural when discussing plaintiff's allegations.

[2] The NCC is in Nottoway County, which is in the Eastern District of Virginia. *See* 28 U.S.C. § 127(a). Because the events at issue allegedly occurred at the NCC, it is likely that the Eastern District of Virginia, and not this district, is the appropriate venue for this case. *See* 28 U.S.C. § 1391(b) (outlining general venue rules). Regardless, defendants did not raise improper venue as a defense (*see* Br. in Supp. Mot. to Dismiss, Dkt. No. 12), and the court will not address the issue *sua sponte*. *See Liversage v. Nationwide Debt Mgmt. Sols., LLC*, Case No.: ELH-15-1266, 2016 WL 106301, at *3 n.1 (D. Md. Jan. 11, 2016) ("While the Fourth Circuit has not yet addressed

parole" the following day.[3]  (Compl. 1, Dkt. No. 1).  According to Lovings, this notice did not comply with requisite procedures for notifying parolees about revocation hearings and did not give him sufficient advanced notice of the hearing.  (*Id.*, at 1–2).  Lovings claims that the allegedly deficient notice deprived him of the ability to be represented by counsel and to present witnesses at the hearing.  (*Id.*, at 2–3).  Lovings also claims that he received deficient notice of the hearing in retaliation for having filed a separate lawsuit against the Virginia Parole Board. (*Id.*, at 4).  Additionally, Lovings raises procedural issues with the hearing itself, concluding that he "was not given a full and fair hearing under Patricia L. West, [Chair] of [the] Virginia Parole Board."  (*Id.*, at 3).

Lovings asserts that the defendants' actions violated his due process rights under the Fourteenth Amendment and his right to counsel under the Sixth Amendment.  (*See id.*, at 5).  He further claims that defendant West retaliated against him in violation of the First Amendment. (*See id.*).

## II.    DISCUSSION

### A.    Standard of Review

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) tests a complaint's legal and factual sufficiency.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 677–80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–63 (2007).  To withstand a motion to dismiss, a pleading "must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  The court need neither accept a

---

the issue, many federal circuits hold that district courts may not raise the issue of improper venue *sua sponte*.") (collecting cases).

[3] Lovings is initially vague about the nature of the hearing but later clarifies that it was a parole revocation hearing.  (*See* Compl. 2, Dkt. No. 1) (alleging that "[t]he notice of parole revocation hearing will list the parole condition, or condition[s], alleged to hav[ing] been violat[ed][.]").

complaint's legal conclusions drawn from the facts, *id.* at 679, nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments," *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). The court, however, accepts as true the complaint's well-pleaded factual allegations and construes these allegations, and the reasonable inferences drawn therefrom, in the light most favorable to the non-moving party. *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009).

Pleadings by *pro se* litigants must be construed liberally. *King v. Rubenstein*, 825 F.3d 206, 214 (4th Cir. 2016). "Principles requiring generous construction of *pro se* complaints are not, however, without limits." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). A *pro se* complaint must still "state a claim to relief that is plausible on its face." *Jackson v. Lightsey*, 775 F.3d 170, 178 (4th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678).

**B.    Analysis**

West's sole argument for dismissal is that Lovings' claims are subject to the bar set forth in *Heck v. Humphrey*, 512 U.S. 477 (1994). (Defs.'s Br., Dkt. No. 12). *Heck* precludes a § 1983 claim that would "necessarily imply the invalidity of [the plaintiff's] conviction or sentence," because "civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments[.]" *Id.* at 486–87. Instead, "habeas corpus is the appropriate remedy" for a state prisoner to challenge his conviction. *Id.* at 482.

*Heck* thus held that if granting relief on a civil claim would necessarily call into question the validity of the criminal judgment for which the plaintiff is confined, then the civil case cannot proceed unless the conviction has been "reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into

3

question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Id.* at 486–87.

For *Heck* to apply and bar a plaintiff's § 1983 claim, then, two requirements always must be met: (1) a judgment in favor of the plaintiff must necessarily imply the invalidity of the plaintiff's conviction or sentence; and (2) the claim must be brought by a claimant who is either (a) currently in custody or (b) no longer in custody because the sentence has been served, but nevertheless could have practicably sought habeas relief while in custody. *Covey v. Assessor of Ohio Cty.*, 777 F.3d 186, 197 (4th Cir. 2015) (citations and alterations omitted).

Any ruling that Lovings' parole revocation hearing was tainted by procedural defects would necessarily call into question his parole revocation. "Courts have held that *Heck* is applicable to parole and probation revocation proceedings." *Smith v. Hickman*, No. 6:22-cv-02256, 2022 WL 14763225, at *2 (D.S.C. Sept. 27, 2022) (collecting cases), *report of magistrate judge adopted*, 2022 WL 14763209 (D.S.C. Oct. 25, 2022); *see also Via v. Fahey*, No. 3:07-cv-00778, 2009 WL 223113, at *3 (E.D. Va. Jan. 29, 2009) ("Plaintiff does not articulate, and the Court cannot conceive, how a finding that he is improperly being detained because his parole revocation hearing violated his procedural rights would not necessarily imply the invalidity of the revocation decision."). Moreover, Lovings has not shown that his parole revocation was reversed, expunged, set aside, or otherwise called into question, and court records indicate otherwise.

Nonetheless, based on the current record, the court cannot conclude that *Heck* bars any of Lovings' claims. *Heck* would not apply if Lovings is no longer in custody on his revoked parole and the federal habeas remedy was unavailable to him. As explained by the Fourth Circuit, "because federal habeas suits may be filed only by individuals who are 'in custody,' . . .

4

petitioners with short sentences might find their claims moot before they could prosecute them."
*Griffin v. Balt. Police Dep't.*, 804 F.3d 692, 696 (4th Cir. 2015). Thus, a plaintiff who is no longer in custody but "could not, as a practical matter, [have sought] habeas relief" while in custody, may bring a § 1983 claim that would otherwise be barred by *Heck*. *Wilson v. Johnson*, 535 F.3d 262, 267-68 (4th Cir. 2008); *Covey*, 777 F.3d at 197 (explaining that the exception recognized in *Wilson* applies only if a petitioner could not have "practicably sought habeas relief while in custody").

Lovings is still in prison.[4] But it is not clear whether he is in custody on his revoked parole or some other charge. Indeed, Lovings was already in prison when his parole revocation hearing was held on July 8, 2025. Thus, it is unclear whether Lovings' situation overcomes the *Heck* bar on the basis that he is not in custody on the relevant charge and had insufficient time to exhaust, such that federal habeas was unavailable to him. Accordingly, the court is in no position to determine whether Lovings' claims are barred by *Heck*, which is the sole basis for dismissal raised in the defendant's motion to dismiss.

## III.    CONCLUSION

For the reasons stated in this opinion, the court will issue an appropriate order denying the defendant's motion to dismiss.

Entered: May 7, 2026.

*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
Chief United States District Judge

---

[4]   Lovings is currently incarcerated at Sussex I State Prison in Waverly, Virginia. (Notice of Change of Address, Dkt. No. 15).